# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERONICA LISA DAVIS,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No.  1:17-cv-00621-SAB<br><br>ORDER GRANTING PETITIONER'S MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. §§ 406(b) AND 1383(d)(2)(B)<br><br>(ECF No. 29) |

Before the Court is a motion for attorney's fees brought by Petitioner Lawerence D. Rohlfing, attorney for Veronica Lisa Davis ("Plaintiff").  Petitioner requests fees in the amount of $16,887.88 pursuant to 42 U.S.C. §§ 406(b) and 1383(d)(2)(B).   (ECF Nos. 29, 33.) Petitioner also requests Plaintiff be reimbursed $10,212.41 under the Equal Access Justice Act ("EAJA").  (Id.)

Plaintiff did not file an opposition or otherwise respond to the motion for attorney's fees, and the time to do so has passed.  Defendant Commissioner of Social Security, as a de facto trustee for Plaintiff, filed a response to Petitioner's motion, in which he asserts he neither supports nor opposes Petitioner's request for attorney's fees, but observes that the Court should direct Petitioner to reimburse Plaintiff any fees he previously received under the EAJA.  (ECF No. 32.)

/ / /

/ / /

/ / /

## I.

## BACKGROUND

On March 31, 2017, Plaintiff entered into a contingent fee agreement with Petitioner. (ECF No. 29-1.)  The agreement entitled Petitioner to an award of 25 percent of the past-due benefits awarded upon reversal of an unfavorable ALJ decision.  (Id.)

On May 1, 2017, Plaintiff filed a complaint in this Court challenging the denial of social security benefits.  (ECF No. 1.)  Following briefing by all parties (ECF Nos. 15, 16, 17), the Court issued an order denying Plaintiff's social security appeal and judgment was entered in favor of Defendant.  (ECF Nos. 18, 19.)  Plaintiff filed a notice of appeal with the Ninth Circuit Court of Appeals.  (ECF No. 20.)  On April 27, 2021, the Court of Appeals reversed and remanded this action for further proceedings.  (ECF No. 23.)  On June 21, 2021, the Ninth Circuit issued the formal mandate.  (ECF No. 26.)  That same day, the Court approved a stipulation for the award of attorney's fees in the amount of $9,500.00 pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA").  (ECF No. 25.)

In the instant motion, Petitioner seeks an award of attorney's fees in the amount of $16,877.88, pursuant to 42 U.S.C. § 1383(d)(2)(B) and an order to reimburse Plaintiff the amount previously awarded under the EAJA, $10,212.41.[1]  (ECF No. 29.)

## II.

## LEGAL STANDARD

Pursuant to 42 U.S.C. § 1383, an attorney may seek an award of attorney fees for representing a Social Security claimant who is awarded benefits under Title XVI.  In relevant part, section 1383 provides:

> [I]f the claimant is determined to be entitled to past-due benefits under this subchapter and the person representing the claimant is an attorney, the Commissioner of Social Security shall pay out of such past-due benefits to such attorney an amount equal to the lesser of--

---

[1] Relevant here is another Social Security appeal filed by Plaintiff, Veronica Lisa Davis v. Comm'r of Soc. Sec., No. 1:20-cv-01801-EPG, ECF No. 1, Complaint (E.D. Cal. Dec. 21, 2020).  In that case, the parties stipulated to remand pursuant to Sentence Four of 42 U.S.C. § 405(g) and to consolidate the claim with this action.  See ECF No. 14. The parties also stipulated to attorney's fees and expenses in the amount of $712.41 under the EAJA.  See ECF No. 17.

> (i) so much of the maximum fee as does not exceed 25 percent of such past-due benefits (as determined before any applicable reduction under subsection (g) and reduced by the amount of any reduction in benefits under this subchapter or subchapter II pursuant to section 1320a-6(a) of this title . . . .

42 U.S.C. § 1383(d)(2)(B). In addition, "[t]he provisions of section 406 of [Title 42] shall apply to this part to the same extent as they apply in the case of subchapter II. . . ." 42 U.S.C. § 1383(d)(2)(A). Therefore, the Court addresses Petitioner's fee request as if it were a request brought under section 406(b).

The Supreme Court has explained that a district court reviews a petition for section 406(b) fees "as an independent check" to assure that the contingency fee agreements between the claimant and the attorney will "yield reasonable results in particular cases." Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002). The district court must respect "the primacy of lawful attorney-client fee agreements," and is to look first at the contingent-fee agreement, and then test it for reasonableness." Crawford v. Astrue, 586 F.3d 1142, 1148 (9th Cir. 2009). The twenty-five percent maximum fee is not an automatic entitlement, and courts are required to ensure that the requested fee is reasonable. Gisbrecht, 535 U.S. at 808-09. The attorney has the burden of demonstrating that the fees requested are reasonable. Id. at 808; Crawford, 586 F.3d at 1148.

In determining the reasonableness of an award, the district court should consider the character of the representation and the results achieved. Gisbrecht, 535 U.S. at 800. Ultimately, an award of section 406(b) fees is offset by an award of attorney's fees granted under the EAJA. Id. at 796. The Ninth Circuit has identified several factors that a district court can examine under Gisbrecht in determining whether the fee was reasonable. In determining whether counsel met his burden to demonstrate that the requested fees are reasonable, the court may consider (1) the standard of performance of the attorney in representing the claimant; (2) whether the attorney exhibited dilatory conduct or caused excessive delay which resulted in an undue accumulation of past-due benefits; and (3) whether the requested fees are excessively large in relation to the benefits achieved when taking into consideration the risk assumed in these cases. Crawford, 586 F.3d at 1151.

/ / /

## III.

## DISCUSSION

**A. Attorney's Fees Under 42 U.S.C. § 406(b)**

The Court begins with Plaintiff's agreement providing that Petitioner would receive 25 percent of any past-due benefits awarded to Plaintiff. (ECF No. 29-1.) Petitioner ultimately secured $96,311.52 in retroactive benefits on Plaintiff's behalf. (ECF No. 29-3.) Petitioner now seeks an award of $16,887.88 in attorney's fees, which is patently less than 25 percent.

The Court recognizes the contingent nature of this case and counsel's assumption of the risk of going uncompensated. Hearn v. Barnhart, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003). Petitioner declared that the firm has expended 53.9 hours litigating this action. (Rohlfing Decl., ¶ 5.) In support of the instant motion, Petitioner submitted a log of the time spent prosecuting this action. (ECF No. 29-4.) The log reflects that paralegals completed 11.9 hours of work and Petitioner completed 42 hours of work. (Id.) The hours include reviewing documents and the record, preparing the complaint, correspondence, and preparing and filing the brief and reply. (Id.) When considering the total amount requested by Petitioner, the fee request translates to roughly $313.32 per hour for the firm's services in this action. This rate is consistent with rates approved by courts within the Ninth Circuit. Compare with Biggerstaff v. Saul, 840 F. Appx. 69, 71 (9th Cir. 2020) (affirming $1,400.00 per hour for combined attorney and paralegal work); see also Crawford, 586 F.3d at 1153 (affirming reasonableness of effectively hourly rates of $519, $875, and $902).

Further, the Court finds there is no indication that a reduction of fees is warranted for substandard performance. See Crawford, 586 F.3d at 1151. Petitioner is an experienced, competent attorney who ultimately secured a successful result for Plaintiff. Although this action initiated in 2017, there is no indication that Petitioner was responsible for any delay in the court proceedings to suggest any undue accumulation of past-due benefits.

The Court again recognizes that the requested attorney's fees is less than 25 percent of the past-due benefits awarded and finds it not excessive in relation to the past-due award. The Court is cognizant that neither Plaintiff nor the Defendant oppose the award of fees as

unreasonable.  Petitioner also assumed the risk of receiving no compensation.  (ECF No. 29-4.) The Court finds the fee amount requested is reasonable in light of the several years of litigation and the result achieved, as well as the lack of any evidence suggesting either dilatory conduct or a windfall to Petitioner.  Accordingly, the Court finds that the requested fee of $16,887.88 is reasonable.

**B.  EAJA Refund**

"[A]n award of attorney's fees under § 406(b) does 'not prevent an award of fees and other expenses under' the EAJA, but 'where the claimant's attorney receives fees *for the same work* under both' § 406(b) and the EAJA, then 'the claimant's attorney refunds to the claimant the amount of the smaller fee.'"  Castillo v. Kijakazi, No. 5:20-CV-02347-KES, 2023 WL 12090215, at *5 (C.D. Cal. June 8, 2023) (emphasis in original) (quoting Public Law No. 99-80, 99 Stat. 183 (1985)).

Both Petitioner and Defendant request that the Court direct Petitioner to reimburse Plaintiff the entirety of fees previously received under the EAJA.  (ECF Nos. 29, 32.)  The Court agrees and will order Petitioner to refund Plaintiff the entire amount of the EAJA fees previously awarded, $10,212.41.  See Gisbrecht, 535 U.S. at 796.

**VI.**

**CONCLUSION AND ORDER**

For the reasons stated above, the Court finds that the fees sought by Petitioner pursuant to Section 1383(d)(2)(B) are reasonable.  Accordingly, IT IS HEREBY ORDERED that:

1.    Petitioner's motion for an award of attorney's fees pursuant to Section 1383(d)(2)(B) in the amount of $16,887.88 (ECF No. 29) is GRANTED;

2.    The funds SHALL be paid to Petitioner out of the funds withheld by the Social Security Administration; and

///

///

///

///

5

3.    Petitioner is ORDERED to refund $10,212.41 to Plaintiff Veronica Lisa Davis as an offset for EAJA fees previously awarded pursuant to 28 U.S.C. § 2412(d).

IT IS SO ORDERED.

Dated:   **April 16, 2026**

STANLEY A. BOONE
United States Magistrate Judge